NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN R. AUTEN; MARIO KING; BRUCE KOKLICH; JARED MANELY; LAWRENCE REMSEN,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>GAVIN NEWSOM, Governor of California, Governor of the State of California, official capacity and individual capacity; KATHLEEN ALLISON, Director, California Department of Corrections and Rehabilitation (CDCR), official capacity and individual capacity; JENNIFER SHAFFER, Executive Officer of the state Parole Agency aka (BPH), official capacity and individual capacity; ROB BONTA, Attorney General for the State of California, official capacity and individual capacity; DOES, One through Twenty inclusive,<br><br>Defendants - Appellees. | No. 23-3704<br><br>D.C. No. 5:23-cv-01994-SSS-MAR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

California state prisoners Allen R. Auten, Mario King, Bruce Koklich, Jared Manely, and Lawrence Remsen appeal pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action related to good-time credits.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (dismissal of a complaint as *Heck*-barred); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed plaintiffs' action as barred by *Heck*, because success on plaintiffs' claims would necessarily imply the invalidity of their sentences, and they failed to allege facts demonstrating that their sentences had been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (barring § 1983 claims which, if successful, "would necessarily imply the invalidity" of an inmate's sentence, unless inmate demonstrates that the sentence has been invalidated); *id.* at 482-83 (rejecting contention that a plaintiff could bring a § 1983 action to recover damages "measured by the actual loss of good time").

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

23-3704

Contrary to their contentions, plaintiffs have not shown that they are members of a certified class in *Wolff v. McDonnell*, 418 U.S. 539 (1974), or any other action or entitled to enforce a particular court order under Federal Rule of Civil Procedure 71.

We reject as unsupported by the record plaintiffs' contentions that the district court was biased against them, violated their constitutional rights, or engaged in misconduct or criminal behavior.

Plaintiffs' motion for civil contempt and damages or sanctions (Docket Entry No. 19) is denied.

**AFFIRMED.**